BENNET D. ZUROFSKY, ATTORNEY AT LAW
17 Academy Street – Suite 1201
Newark, New Jersey 07102
Phone: 973-642-0885
Fax:    973-642-0946
E-mail: bzurofsky@zurofskylaw.com
*Attorneys for Plaintiff*

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace, Esq.
60 East 42nd Street, Suite 2540
New York, New York 10165
Phone: 212-317-1200
Fax:    212-317-1620
E-mail: michael@faillacelaw.com
*Attorneys for Plaintiff (Pro Hac Vice Application Pending)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
---------------------------------------------------------X
ANTONIO CARMONA SANCHEZ
*individually and on behalf of others similarly situated,*

                *Plaintiff*,

    -against-

CARLTON COOKE METAL FINISHING LLC, and ROBERT MICELE

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Antonio Carmona Sanchez, individually and on behalf of others similarly situated (hereinafter "Plaintiff Sanchez"), by and through his attorneys, Bennet D. Zurofsky, Attorney At Law, and Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Defendants Carlton Cooke Metal Finishing LLC, ("Defendant Corporation"), and Robert Micele (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Sanchez is a former employee of Defendants Carlton Cooke Metal Finishing LLC, and Robert Micele.

2. Defendants own, operate and control a metal finishing company located at 1004 1st Ave Asbury Park, NJ 07712 under the name "Carlton Cooke Metal Finishing."

3. Upon information and belief, individual Defendant Robert Micele, serves or served as an owner, manager, principal or agent of Carlton Cooke Metal Finishing LLC, and upon information and belief, through the corporate entity operates or operated the metal finishing company as a joint or unified enterprise.

4. Plaintiff Sanchez was primarily employed to polish metals and do minor welding.

5. Plaintiff Sanchez worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Sanchez appropriately for any hours worked over 40, at the additional overtime premium.

7. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Sanchez to work in excess of forty (40) hours per week without paying him the overtime compensation required by federal and state laws.

8. Plaintiff Sanchez now brings this action on behalf of himself, and other similarly situated individuals, to recover unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA).

9. Plaintiff Sanchez seeks certification of his action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question).

11. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New Jersey within this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a metal finishing company located in this district. Further, Plaintiff Sanchez was employed by Defendants in this district.

## **THE PARTIES**

*Plaintiff Sanchez*

12. Plaintiff Antonio Carmona Sanchez ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in Passaic County, New Jersey.

13. Plaintiff Sanchez was employed by Defendants from approximately January 2010 until on or about June 2016.

14. Plaintiff Sanchez consents to being a party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

*Defendant*

15. Defendant owns, operates and controls a metal finishing company located at 1004 1st Ave Asbury Park, NJ 07712 under the name "Carlton Cooke Metal Finishing" at all times relevant to this complaint.

16. Defendant Carlton Cooke Metal Finishing LLC is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains an office located at 1004 1st Ave Asbury Park, NJ 07712.

17. Defendant Robert Micele is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Robert Micele is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Robert Micele possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Robert Micele determined the wages and compensation of the employees of Defendants, including Plaintiff Sanchez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

18. Defendants operate a metal finishing company located at 1004 1st Ave Asbury Park, NJ 07712 under the name Carlton Cooke Metal Finishing LLC.

19. Defendants maintain as their principal place of business a centralized office at 1004 1st Ave Asbury Park, NJ 07712.

20. Individual Defendant Robert Micele, possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. Defendants possessed substantial control over Plaintiff Sanchez (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sanchez, and all similarly situated individuals, referred to herein.

23. Therefore, for the above and other reasons, Defendants jointly employed Plaintiff Sanchez, and all similarly situated individuals, and are Plaintiff Sanchez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*.

24. In the alternative, Defendants constitute a single employer of Plaintiff Sanchez and/or similarly situated individuals.

25. Upon information and belief, Defendant Robert Micele operates Carlton Cooke Metal Finishing LLC as an alter ego of himself, and/or fails to operate Carlton Cooke Metal Finishing LLC as an entity legally separate and apart from his own self, by, amongst other things,

(a) failing to adhere to the corporate formalities necessary to operate Carlton Cooke Metal Finishing LLC as a corporation;

(b) defectively forming or maintaining the corporate entity of Carlton Cooke Metal Finishing LLC by amongst other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Carlton Cooke Metal Finishing LLC for his own benefit as the sole or majority member,

(e) operating Carlton Cooke Metal Finishing LLC for his own benefit and maintaining control over it as a closed corporation;

(f) intermingling assets and debts of his own with those of Carlton Cooke Metal Finishing LLC;

(g) diminishing and/or transferring assets to avoid full liability as necessary to protect his own interests; and

(h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

26. At all relevant times, Defendants were Plaintiff Sanchez' employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiff Sanchez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Sanchez's services.

27. In each year from 2014 to the present, Defendants had gross annual sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous supplies and materials that were used in the metal finishing company on a daily basis were produced outside of the State of New Jersey.

*Individual Plaintiff*

29. Plaintiff Sanchez is a former employee of Defendants, who was primarily employed in performing metal polishing and minor welding duties.

*Plaintiff Antonio Carmona Sanchez*

30. Plaintiff Sanchez was employed by Defendants from approximately January 2010 until on or about June 2016.

31. Plaintiff Sanchez worked at Carlton Cooke Metal Finishing LLC throughout his tenure with Defendants.

32. At all relevant times, Plaintiff Sanchez's duties included those outlined above.

33. Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

34. In the performance of his work duties, Plaintiff Sanchez handled goods that traveled in interstate commerce every day, including but not limited to the polishing fluids and tools that he used regularly in the polishing of metals.

35. Throughout his employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

36. From approximately January 2014 until on or about June 2016, Plaintiff Sanchez worked from approximately 7:30 a.m. until on or about 6:00 p.m. Monday, Tuesdays, Wednesday and Thursdays, and from approximately 7:30 a.m. until on or about 4:00 p.m. on Fridays (typically 49.50 hours per week).

37. From approximately January 2014 until on or about December 2016, Plaintiff Sanchez was paid a fixed salary of $1,000 per week, $400 was paid in check and $600 was paid in cash.

38. Plaintiff Sanchez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

39. For example, Defendants required Plaintiff Sanchez to work an additional 2 hours

beyond what he was scheduled for every day and did not compensate him for the additional time he worked at the overtime rate.

40. Throughout his employment, Defendants provided Plaintiff Sanchez a meal break of 30-minutes.

41. Defendants did not provide Plaintiff Sanchez with wage statements that accurately accounted for Mr. Sanchez's actual hours worked.

*Defendants' General Employment Practices*

42. Defendants regularly required Plaintiff Sanchez to work in excess of forty (40) hours per week without paying him the proper overtime wages.

43. Defendants' pay practices resulted in Plaintiff Sanchez (and all similarly situated individuals) not receiving payment for all of their hours worked.

44. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act by neglecting to maintain accurate and complete timesheets and payroll records.

45. Upon information and belief, this was done to disguise the actual number of hours Plaintiff Sanchez worked, and to avoid paying Plaintiff Sanchez properly for (1) his full hours worked, and (2) for overtime due.

46. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

**FLSA COLLECTIVE ACTION CLAIMS**

47. Plaintiff Sanchez brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

48. At all relevant times, Plaintiff Sanchez, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

49. The claims of Plaintiff Sanchez stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**(Violation of the Overtime Provisions of the FLSA)**

50. Plaintiff Sanchez repeats and realleges all paragraphs above as though fully set forth herein.

51. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiff Sanchez (and the putative FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

52. Defendants' failure to pay Plaintiff Sanchez and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

53. Plaintiff Sanchez was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sanchez respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sanchez (including the prospective collective class members);

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sanchez's (and the prospective collective class members') compensation, hours, and wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Sanchez (including the prospective collective class members);

(e) Awarding Plaintiff Sanchez (including the prospective collective class members) damages for the amount of unpaid overtime wages under the FLSA as applicable;

(f) Awarding Plaintiff Sanchez (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Awarding Plaintiff Sanchez (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(h) Awarding Plaintiff Sanchez (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees; and

(i) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 24, 2017

BENNET D. ZUROFSKY, ATTORNEY AT LAW

By: /s/ Bennet D. Zurofsky

Bennet D. Zurofsky
17 Academy Street – Suite 1201
Newark, New Jersey 07102
Phone: 973-642-0885
Fax: 973-642-0946
E-mail: bzurofsky@zurofskylaw.com
*Attorneys for Plaintiff Sanchez*

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq.
60 East 42nd Street, Suite 2540
New York, New York 10165
Phone: 212-317-1200
Fax: 212-317-1620
E-mail: michael@faillacelaw.com
*Attorneys for Plaintiff Sanchez*
*(Pro Hac Vice Application Pending)*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 9, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Antonio Carmona Sanchez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:          *Antonio CS.*

Date / Fecha:               09 de diciembre de 2016